JOANNIDIS v. LOEB, Collector of Customs.

(Circuit Court, S. D. New York. September, 1911.)

CUSTOMS DUTIES (§ 99*)—REFUNDING MONEYS—SUIT AGAINST COLLECTOR.
    The refunding of moneys in compliance with decisions of the Board of General Appraisers and the Circuit Court is, under Customs Administrative Act June 10, 1890, c. 407, § 24, 26 Stat. 140 (U. S. Comp. St. 1901, p. 1987), as amended by Act July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626), a function of the Treasury Department, and a suit does not lie to restrain the collector of customs from disposing of such moneys.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 99.*]

Bill by one Joannidis against William Loeb, Jr., Collector of Customs. Demurrer to bill sustained.

These proceedings arise over the disposition of refunds in compliance with a decision of the Board of General Appraisers, affirmed by the Circuit Court, Southern District of New York. The complainant was the owner of certain ripe olives consigned to Stamatis D. Stamatopoulos, who also acted as consignee for other importers. Stamatopoulos entered the olives, paid the duty, and protested; and the litigation before the Board of General Appraisers and the Circuit Court was conducted in his name. Stamatopoulos is largely indebted to the United States on account of duties withheld on merchandise

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(other than olives) fraudulently imported. Complainant now prays for an injunction restraining the collector of customs from paying this money to said Stamatopoulos, and from applying it against the latter's indebtedness to the United States, pending the termination of a suit by the complainant herein against said Stamatopoulos over the ownership of said money.

The defendant contended that, as by reason of section 24 of the customs administrative act of 1890 (Act June 10, 1890, c. 407, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1987]), as amended by the tariff act of 1897 (Act July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626]), the collector has no power or duty in the payment or settlement of claims against the United States, he was improperly made a party to this litigation. Said section reads:

"Sec. 24. That whenever it shall be shown to the satisfaction of the Secretary of the Treasury that, in any case of * * * payments made upon appeal, more money has been paid to or deposited with a collector of customs than, as has been ascertained by final liquidation thereof, the law required to be paid or deposited, the Secretary of the Treasury shall direct the Treasurer to refund and pay the same out of any money in the Treasury not otherwise appropriated. * * *"

Almuth C. Vandiver (J. Joseph Lilly, of counsel), for complainant.
Henry A. Wise, U. S. Atty. (William L. Wemple, Asst. U. S. Atty., of counsel), for defendant.

LACOMBE, Circuit Judge (after stating the facts as above). The relief prayed is for an injunction restraining the defendant, as collector of the port of New York, from paying out (either directly or by crediting the same against a debt due to the United States from one Stamatopoulos) the amount of certain duties improperly exacted from merchandise, the property of complainant imported into this country. The various entries have been reliquidated.

It is not understood, nor does the brief refer to any provision of law, that the collector of the port is the person who under such circumstances makes payment of the moneys to be refunded. That is a function of the Treasury Department. Since that officer has nothing to do with the refund—subsequent to reliquidation—there is no foundation for suit to restrain him from acting.

Demurrer sustained, and bill dismissed, with costs.